IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY WEBER,<br>    Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE<br>COMPANIES, ET AL.,<br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 07-469<br>)<br>)<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                        November 5, 2007

Plaintiff has filed a civil complaint alleging an insurance coverage dispute. For the reasons set forth below, in accordance with Fed.R.Civ.P. 41(b), the complaint will be dismissed for plaintiff's failure to prosecute.

I.   BACKGROUND

On September 12, 2007, plaintiff's attorney filed a motion to withdraw as counsel in this case [Doc. No. 12]. The motion states that plaintiff has not corresponded with her attorney in a sufficient manner and has failed to participate in the prosecution of this matter, thereby preventing him from adequately representing plaintiff. In its September 22, 2007, order to show cause [Doc. No. 13], the court ordered plaintiff to respond to the motion to withdraw by October 12, 2007. The court

forwarded its order to plaintiff via certified mail. The order was returned with the indication on the envelope "Unclaimed." Plaintiff has failed to notify the Court of her whereabouts and has not given any indication that she wishes to proceed with this action.

II. DISCUSSION

In Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984), the court of appeals established guidelines to determine whether to dismiss an action for a litigant's failure to prosecute. Accordingly, the court must take into consideration: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to comply with scheduling orders and to respond to discovery; 3) the history of delay; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the availability and effectiveness of alternative sanctions; and 6) the merit of the claim or defense. Id. at 868. With the foregoing factors in mind, the court turns to the circumstances of this case.

1) The extent of the party's personal responsibility.

This clearly is not a case where a party's rights are being sacrificed because her attorney is in contempt of a court order. Here, plaintiff's attorney has indicated in the motion to

2

withdraw as counsel that plaintiff has failed to correspond with him and has failed to participate in discovery despite his repeated requests. Plaintiff had a personal responsibility to notify the court of her proper address so that the court could communicate with plaintiff. Plaintiff subsequently failed to respond to the motion to withdraw and show cause order. Plaintiff here is directly responsible for the consequences of her lack of responsiveness and inaction in this litigation.

2) <u>Prejudice to the adversary</u>.

Because plaintiff seeks damages from defendants, if plaintiff never prosecutes the case, defendants indirectly prevail. Yet, defendants, like all parties, have a greater interest in having litigation brought to an end. Defendants are prejudiced by the uncertainty, expense and inconvenience that are inherent when a case such as this extends indefinitely.

Further, defendants have "encountered a lack of cooperation from the plaintiff in areas where the plaintiff should cooperate under the spirit of the federal procedural rules." <u>Poulis</u>, 747 F.2d at 868. For example, because plaintiff failed to respond to defendants' discovery requests, defendants filed a motion to compel. Plaintiff's failure to comply with her discovery obligations has prejudiced defendants.

3) <u>A history of dilatoriness</u>.

We fail to see where plaintiff has taken any substantial action to prosecute this case against defendants. Indeed, the record reflects a history of dilatory conduct. Plaintiff's attorney contends that plaintiff has failed to respond to numerous letters and other attempts to communicate regarding the prosecution of this action. Also, plaintiff failed to timely answer defendants' discovery requests, resulting in defendants' motion to compel. Plaintiff's dilatory conduct is further evidenced by her failure to notify the court of her whereabouts or timely respond to the motion to withdraw as required by the court's order to show cause.

4) <u>Whether plaintiff's conduct was willful or in bad faith</u>.

Plaintiff's failure to correspond with her attorney regarding this action, despite numerous attempts, precipitated his motion to withdraw as counsel. The court ordered plaintiff to respond to her attorney's motion by October 12, 2007. We have no indication of why plaintiff failed to respond to her attorney or communicate with the court. We only can presume that she has abandoned the action.

5) <u>Alternative sanctions</u>.

Generally, the most effective sanction that can be levied against a party or her attorney is the imposition of the costs incurred by the adversary. However, because plaintiff's

4

counsel is seeking to withdraw due to plaintiff's failure to participate in prosecuting this action, monetary sanctions against plaintiff's counsel are inappropriate. Further, given the motion to withdraw, plaintiff is effectively proceeding pro se. Because plaintiff may be unable to retain an attorney, the threat of monetary sanctions against plaintiff is, as a practical matter, nonexistent. Additionally, because plaintiff is not an attorney, the court is unable to impose disciplinary action against plaintiff. Thus, the court finds that no effective alternative sanctions can be imposed on plaintiff.

6) Merits of the claim.

Upon review of the record as a whole, the court concludes that plaintiff's likelihood of succeeding on the merits is slight.

III. CONCLUSION

Upon consideration of all the above factors, the court finds that they weigh in favor of dismissing the complaint for plaintiff's failure to prosecute. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY WEBER,  )
    Plaintiff,  )
                                                    )
    v.                                     )  Civil Action No. 07-469
                                                    )
STATE FARM INSURANCE  )
COMPANIES, ET AL.,  )
    Defendants.  )

ORDER

AND NOW, this 5th day of November, 2007, IT IS HEREBY ORDERED that this action is DISMISSED for plaintiff's failure to prosecute. The Clerk of Court is directed to mark the case closed.

BY THE COURT:

/s/ [signature], J.

cc:  Kelly Weber
      4 Blythe Road
      Charleroi, PA 15022-3307

      All Counsel of Record